David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone:  907-677-1234
Fax:       888-965-9338
Email:  *dh@henderson-law.com*
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALEXA ESTRELLA RAPOSO and ZACHARY THORNTON, individually, and as Parents/Next Friends of A.E.N.T., a minor child,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>) |

**Complaint for Medical Malpractice**
[*Federal Tort Claims Act*]

COME NOW plaintiffs Alexa Estrella Raposo [hereinafter "Alexa"] and Zachary Thornton [hereinafter "Zachary"], individually, and as natural parents and next friends of A.E.N.T. [hereinafter "baby girl Thornton"], and allege as follows:

1. At all times relevant hereto, plaintiffs were residents of Fort Wainwright, Alaska, within the District of Alaska.

*Estrella Raposo, et al v U.S.A.*                                                                    Page 1 of 5

2. Alexa and Zachary are natural parents of baby girl Thornton, a female infant born January 13, 2021 at Bassett Army Community Hospital at Fort Wainwright in Fairbanks, Alaska [hereinafter "Bassett"].

3. At all times pertinent, Alexa and Zachary were and are legally married.

4. Alexa and Zachary assert claims as next-friends on baby girl Thornton's behalf and are fit and competent to do so.

5. Bassett was and is a comprehensive state-of-the-art medical care facility acting as an agent of defendant United States of America.

6. Defendant United States staffed Bassett with various physicians, nurses, and medical practitioners of varying fields and specialties -- either through employment or the granting of staff privileges.

7. Said practitioners undertook to administer health-care and medical services to Alexa in the birth of baby girl Thornton.

8. Said practitioners included, but were not limited to:

    (a) Rebecca Sheridan, MD -- Board-certified physician in Obstetrics and Gynecology;

    (b) Ciara Rakestraw, MD -- Board-certified physician in Obstetrics and Gynecology;

    (c) Sean Penberthy, DO;

    (d) Jennifer Hyatt, RN -- Registered Nurse;

    (e) Heidi Radmer, CNM -- Certified Nurse Midwife;

  (f)  Leanne Hoch, CNM -- Certified Nurse Midwife;

  (g)  Renae Kovall, RN;

  (h)  Heidi O'Leary, RN;

  (i)  Lena Fabian, MAJ/AN -- Certified Nurse Midwife;

  (j)  Regina Velasco -- obstetrics nurse; and

  (k)  Mary Ackerman -- nurse.

9. At all times pertinent, said practitioners were acting within the scope of their employment, staff-privileges, specialties, and Board-certifications at Bassett, as alleged.

10. Each was also acting as agent and/or co-participant with the other.

11. More than six months ago, plaintiffs submitted the claims alleged herein by way of a "Claim for Damage, Injury, or Death" form [Standard Form 95] to the appropriate federal agency.

12. Because that agency has failed to make a final disposition of the claims within six months, it has effectively denied plaintiffs' claims.

13. At all times pertinent, Alexa and baby girl Thornton were medical patients of Bassett and its agents and employees.

14. On December 17, 2020, Alexa was 36 weeks pregnant with baby girl Thornton and presented to Bassett for medical treatment.

15. Bassett and the above-identified practitioners undertook treatment concerning the pregnancy, including labor and delivery.

16. On January 13, 2021, Bassett's practitioners delivered baby girl Thornton.

17. Later, Alexa and baby girl Thornton were discharged from Bassett.

18. The actions and/or inactions of Bassett's employees and/or agents fell below the standard of care and constituted a gross departure from the skill and/or knowledge possessed by competent practitioners in the field(s) or specialty(s) in which they were practicing. They were thus negligent in several ways including, but not limited to:

   (a) Failing to repeat a fetal growth scan;

   (b) Failing to provide Alexa with informed-consent concerning a C-section delivery;

   (c) Failing to provide Alexa with informed-consent concerning risk of brachial-plexus injury;

   (d) Failing to properly identify the station and position of the fetus during labor and delivery, and;

   (e) Failing to cease having Alexa push when it was no longer indicated.

19. Said list of errors and omissions is non-exhaustive.

20. Said actions and/or inactions constituted negligence and recklessness within the purview of AS 09.55.549(f).

21. As a direct and proximate result of said negligence and recklessness as alleged, baby girl Thornton suffered severe trauma and hypoxia including, but not limited to, severe and permanent brain injury.

22. As a direct and proximate result of said trauma and injuries, each plaintiff has incurred, or will incur, economic and non-economic losses, and all other compensable

damages as allowed by AS 09.55.549(a)-(h) and the common law.

23. Defendant United States is liable to the plaintiffs for negligence and recklessness in the minimum amount of $100,000.00, the exact amount to be proved at trial.

WHEREFORE, plaintiffs pray for judgment awarding:

1. Compensatory damages, as alleged;

2. Costs and attorney's fees, as appropriate, and;

3. Any other relief the Court may deem just and proper.

DATED: July 13, 2023         David Henderson
                             The Law Offices of David Henderson
                             Attorneys for Plaintiffs Alexa Estrella Raposo, Zachary
                             Thornton and A.E.N.T

                             By: /s/ David Henderson
                                 David Henderson, ABA #9806014

*Estrella Raposo, et al v U.S.A.*                                           Page 5 of 5

Case 3:23-cv-00157-SLG   Document 1   Filed 07/13/23   Page 5 of 5